UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| ROGER E. CLINE, | ) | CASE NO. 5:08 CV1900 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| v. | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| ELLEN M. CLINE, | ) | |
| | ) | |
| Defendant. | ) | |

On August 7, 2008, plaintiff *pro se* Roger E. Cline filed this fraud action against his step-mother, Ellen M. Cline. He alleges his step-mother, as the executrix of his father's estate, failed to give him property to which he claims his deceased father wanted him to have title. He asks this court to vacate the judgment of the Carroll County probate court, and convey title to the property.

*Background*

Mr. Cline's father died on May 10, 2000 leaving a Last Will and Testament which gives his entire estate to his wife, Ellen M. Cline. On that same date, Ms. Cline telephoned Roger Cline and made an oral promise to divide her husband's land with Roger and his brother, Robert. In exchange for this promise, he alleges that he and his brother agreed with their step-mother that they "waive the notice to probate will." Mr. Cline claims, to date, that his step-mother has not turned over the title to the land. He states that the Last Will and Testament presented to the probate

court in October 2000 was forged and the judgment of that court related to the probate of the estate should be vacated.

## *Standard of Review*

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996).

## *Res Judicata*

*Res judicata* is a common-law concept which prescribes that "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Allen v. McCurry*, 449 U.S. 90, 94 (1980) (citing *Cromwell v. County of Sac*, 94 U.S. (4 Otto) 351, 352 (1876)). *Res judicata* and the related concept of collateral estoppel (which refers to issue preclusion) are intended to "relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication." *Id*. (citing *Montana v. United States*, 440 U.S. 147, 153-54, (1979)). Under *res judicata*, a final judgment on the merits of an action bars relitigation between the

---

[1] A claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997); *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985), *cert. denied*, 474 U.S. 1054 (1986); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).

same parties or their privies on issues that were or could have been raised in that action. *See Kremer v. Chemical Construction Corp.*, 456 U.S. 461, 467 n. 6 (1982); *Vinson v. Campbell County Fiscal Court*, 820 F.2d 194, 197 (6th Cir.1987).

This case is a duplicate of a complaint Mr. Cline filed in this court before Judge Adams in 2005. *Cline v. Cline*, No. 5:05cv1823 (N.D. Ohio filed July 20, 2005). Judge Adams dismissed the complaint on August 8, 2005. The order dismissing his complaint specifically decided the merits of his fraud claims against Ms. Cline. Because the facts and parties are identical in both complaints, it is in the best interest of justice to dismiss Mr. Cline's present complaint based on a the principle of *res judicata*. *See United States v. Sioux Nation of Indians*, 448 U.S. 371, 432 (1980)(*sua sponte* dismissal based upon an affirmative defense apparent on the face of the complaint may be appropriate in the interest of judicial economy); *Holloway Const. Co. v. United States Dep't of Labor*, 891 F.2d 1211, 1212 (6th Cir.1989).

Accordingly, this action is dismissed pursuant to 28 U.S.C. § 1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.

     /s/ Patricia A. Gaughan  
PATRICIA A. GAUGHAN  
UNITED STATES DISTRICT JUDGE

Dated: 10/17/08

---

[2] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.